Filed 7/18/13  P. v. Salazar CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NORMAN THOMAS SALAZAR,<br><br>    Defendant and Appellant. | 2d Crim. No. B246076<br>(Super. Ct. No. 2012000428)<br>(Ventura County) |

Norman Thomas Salazar appeals from a 32-month state prison sentence entered after he pled guilty to felony evading an officer with willful disregard (Veh. Code, § 2800.2., subd. (a)), admitted a prior strike conviction (Pen. Code, §§ 667, subds. (c)(1) & (e)(1); 1170.12, subds. (a)(1) & (c)(1)),[1] and admitted two prior prison term enhancements (§ 667.5, subd. (b)).  Appellant contends that the trial court abused its discretion in denying a *Romero* motion (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) to strike his prior strike conviction for attempted carjacking.  (§§ 664/215, subd. (a).)  We affirm.

*Facts and Procedural History*

On January 5, 2012, a Ventura police officer saw appellant drive erratically at a high rate of speed through a residential neighborhood.  The officer activated his lights and siren and tried to stop the vehicle, but appellant failed to yield.  Appellant drove through red lights and stop signs, reaching speeds up to 85 to 90 miles per hour on the surface streets and Highway 101.  When appellant reached Camarillo, the officer rammed appellant's vehicle, causing the vehicle to spin out and stop.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Appellant was arrested for felony evading an officer with willful disregard. (Veh. Code, § 2800.2, subd. (a).) A records check revealed that appellant had an outstanding warrant, was on parole, and was driving with a license that had been suspended due to a prior driving under the influence related offense.

After appellant was arraigned, the trial court found appellant not competent to stand trial and suspended criminal proceedings. (§ 1368.) On June 14, 2012, Patton State Hospital reported that appellant was feigning mental illness.

Appellant was found competent to stand trial and brought a *Romero* motion to strike his 2001 conviction for attempted carjacking. Denying the motion, the trial court found: "There's a significant criminal history. . . including a carjacking offense in [appellant's] past a little over ten years ago. [Appellant] has not maintained a law-abiding [life] since the commission of that offense, and the Court views what occurred in this matter as also a public safety threat and for those reasons . . . find[s] him within the scope of the [Three Strikes] law."

Appellant entered a change of plea and admitted the prior strike and prior prison term enhancements. The trial court sentenced him to 16 months prison for felony evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)), doubled the sentence based on the prior strike conviction, and struck the prior prison term enhancements.

*Discussion*

Section 1385, subdivision (a) vests a trial court with the discretion to strike a prior serious or violent felony conviction "in furtherance of justice . . . ." (*Romero*, *supra*, 13 Cal.4th at p. 530.) In ruling on a *Romero* motion, the trial court considers the nature and circumstances of the present felony offense, defendant's prior serious or violent felony convictions, and defendant's background, character and prospects. (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Only under extraordinary circumstances will a career criminal fall outside the spirit of the Three Strikes law. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

2

The current felony offense strikes at the heart of public safety. Appellant had an outstanding warrant, was on parole, and led the police on a 10-mile chase, endangering the lives of motorists, bystanders, and law enforcement. Driving at speeds up to 85 or 90 miles per hour, appellant ran red lights, failed to yield to police sirens and lights, and swerved into oncoming traffic. The officer had to ram appellant's vehicle in order to stop it. It was a miracle that appellant did not kill or seriously injure someone.

Appellant argues that he was receiving mental health services which is a mitigating factor. Patton State Hospital reported that appellant was "exaggerating and fabricating a large number of psychiatric and cognitive symptoms in an unsophisticated attempt to appear impaired and psychiatrically in distress." Appellant said that he had received outpatient treatment but could not name a clinic, doctor, or when he was treated. The hospital reported that appellant suffered from an antisocial personality disorder and substance abuse, and "admits to chronically using methamphetamine and cannabis and has a history of alcohol-related convictions."

The trial court read and considered the report before reinstating criminal proceedings. The report states that appellant has a long history of substance abuse and has never addressed the problem. It is not a mitigating factor under the Three Strikes law. (See e.g., *People v. Williams, supra,* 17 Cal.4th at p. 163 [defendant's failure to address substance abuse problem]; *People v. Gaston* (1999) 74 Cal.App.4th 310; 322 [same].) We reject the argument that appellant's mental health problems were not considered or justify striking the 2001 conviction for attempted carjacking.

Appellant's argues that the 2001 attempted carjacking conviction was a simple assault and remote in time. The probation memorandum states that appellant and two men drove up in a stolen vehicle and accosted a female employee in a restaurant parking lot. David Hartman, the victim's co-worker, asked appellant to leave. Appellant threw a beer bottle at Hartman and wrestled him as appellant's companions kicked Hartman in the face and ribs. Appellant then grabbed a female customer by the arms and tried to take her car keys and flee in her car. Appellant tore the woman's sweater and injured her arms as the woman screamed, "No get away from me."

3

The trial court reasonably concluded that the attempted carjacking was not an isolated incident or remote in time for sentencing purposes. (See e.g., *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [20-year old felony conviction not remote given defendant's criminal recidivism].) The probation memorandum states that appellant "has a significant criminal record dating back over 20 years. His propensity for violence and disregard for authority is evident, as well as his history of drug abuse and non-compliance."

Appellant's criminal history dates back to 1995 and includes two felony and 16 misdemeanor convictions. In 1995 he was convicted of battery on his girlfriend. (§ 242.) Appellant was convicted of a second battery four months later after he struck the victim on the head with a handgun and fired a shot as the victim fled.

Between 1996 and 2007, defendant was convicted five times for using or being under the influence of a controlled substance. (Health & Saf. Code, § 11550, subd. (a).)

In 1998, appellant was convicted of reckless driving (Veh. Code, § 23103, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1), and vehicular hit and run (Veh. Code, § 20002, subd. (a)) after he forced a male driver and his family to the side of the road. Appellant backed his up truck almost running over the driver, and rammed the car. Two children were in the car.

In 1998, appellant was convicted of corporal injury on his girlfriend. (§ 273.5, subd. (a).) Appellant followed her into a hospital, struck her in the chest, grabbed her hair, and threatened her. Three months later, appellant threw a heavy set of keys in the girlfriend's face, cutting her face. Appellant fled, returned that evening, and punched the victim in the chest, arms, and, mouth. When a witness tried to intervene, appellant punched him in the face.

In 2001, appellant was convicted of attempted carjacking. Like the prior offense, it involved multiple victims and acts of violence. It was appellant's first strike and resulted in a four year six month state prison sentence. After appellant was paroled, he continued his life of crime.

4

In 2008, appellant caused a domestic disturbance and was observed getting out of a stolen vehicle. The police ordered appellant at gun point to lie on the ground. Appellant tried to charge the officer, kicked an officer, and was taken to the ground. Appellant smelled of alcohol, was laughing and saying "Fuck you," and tried to kick the officer as he was put in the patrol car. Appellant was convicted of possession of stolen property and resisting an officer. (§§ 496d, subd. (a); 148, subd.. (a)(1).)

In 2009, appellant was convicted of battery after he punched the victim in the head, threw the victim to the ground, and punched the victim repeatedly on the head and upper back. When officers responded to the 911 call, appellant said "Yeah, I kicked his ass" and admitted drinking 10 beers.

Appellant's criminal history, marked by violent assaults, disregard for authority and long term substance abuse, puts him squarely within the spirit of the Three Strikes law. (See e.g., *People v. Strong* (2001) 87 Cal.App.4th 328, 338-339.) Based on appellant's age (39), his unrelenting history of violence and substance/alcohol abuse, his prior commitments to jail and prison, the failed attempts at parole and probation, and the life-threatening nature of the current felony offense, the trial court did not abuse its discretion in denying the *Romero* motion and sentencing appellant to 32 months state prison. (See e..g, *People v. Williams, supra,* 17 Cal.4th at pp. 162-164; *People v. Humphrey, supra,* 58 Cal.App.4th at pp. 812-813.) Appellant is the kind of revolving-door career criminal for whom the Three Strikes law was devised. (*People v. Gaston, supra,* 74 Cal.App.4th at p. 320.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Kevin J. McGee, Judge

Superior Court County of Ventura

_____


California Appellate Project , under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Zee Rodriguez, Connie H. Kan, Deputy Attorneys General, for Plaintiff and Respondent.